**In re Anonymous No. 41 D.B. 88**

Disciplinary Board Docket no. 41 D.B. 88.

An excerpted portion of hearing held in the above-captioned matter taken by [A], registered professional reporter and notary public, in and for the Commonwealth of Pennsylvania, on Wednesday, September 28, 1988 at 11 a.m. at the District [   ] Office, Office of Disciplinary Counsel, [   ].

Hearing Committee [   ], consisting of [B], Esq., chairman, [C], Esq., member, and [D], Esq., member.

Petitioner, Office of Disciplinary Counsel, District [   ] Office, [E], Esq., and [F], Esq., assistant disciplinary counsels.

September 28, 1988 —

*[D]:* Anything else, [respondent]?

*[Respondent]:* No. I have nothing more.

*[E]:* No. Nothing further.

*Chairman [B]:* We'll adjourn.

(Whereupon, a recess was had.)

*Chairman [B]:* We are ready to proceed. The hearing committee has had a chance to confer on this matter. Let me just read the entire determination. "Office of Disciplinary Counsel, petitioner, versus [respondent]. Respondent, no. 41 D.B. 88. Hearing committee determination, verdict and recommendation under another abbreviated procedure.

"And now, pursuant to Rule 201(c)(1) of the Pennsylvania Rules of Disciplinary Enforcement, section 89.181 of the Disciplinary Board rules, following the conclusion of a hearing on the above-captioned matter, the hearing committee announces to the parties to the hearing that the determination is as follows." We have checked the appropriate blocks. "Violations of the following Disciplinary Rules have been determined: Disciplinary Rule 6-101(A)(3)." And the second block, "Informal admonition.''

"This notice is herewith handed to the parties with the directive that they endorse their decision in regard to it and return to the chairman within five days hereof." It's signed by Hearing Committee [  ], dated September 28, 1988. Each of the committee members has signed the determination.

The committee has something that they would like to put on the record.

*[D]:* Yes. For myself, I merely would like to state to [respondent] we found the technical violation of the rule by virtue of the stipulation between the parties. It's certainly my opinion that the violation was, at best, de minimus. [Respondent] had an obligation to appear for his client at the call by virtue of the fact that he was not permitted withdraw.

However, the violation caused no harm to his client, nor, in my opinion, having read all the petition responses and reviewed the exhibits, do I feel that the violation holds [respondent] in any less stature as a member in good standing of this bar than it did before. And I certainly would want the record to note that.

*[Respondent]:* I appreciate your saying that, [D].

*[C]:* I would like to join in [D's] statement and also indicate that I think, at best, it is a very technical violation. I see no harm done by the actions. It appears that [respondent] was placed in a very unenviable position of not being able to pursue a case that he believed was supportable before that. And although certainly an attorney has the obligation to appear, it doesn't appear that there would have been any harm done because the outcome of the case appears to have been a foregone conclusion, considering not being able to proceed. In fact, had [respondent] attempted to proceed, he may have placed his own client in a more difficult situa-

tion as far as additional costs or the possibility of a lawsuit being filed back against the client.

And as far as the discipline involved, I certainly view the discipline that we recommended to be as less significant or least significant of all the disciplines that we could have. And, frankly, I believe that [respondent] has already received enough understanding of the system to be a disciplinary warning to him. Obviously, going through this process is discipline enough. Although it is not technically set forth as discipline in itself.

As I said, I think it is, at best, a very technical violation of the rule. My decision on this is also based on the stipulation more than on the facts that were involved in the case.

*[Respondent]:* Thank you, [C].

*Chairman [B]:* I would simply join my colleagues, members of Committee [   ], in everything that they have said. I don't know that I need to add anything further. I don't think that I can say anything more that's going to make a difference. Except to say that [respondent] was faced with a difficult situation and in a no-win situation, either go before the court and answer to the call and/or than go to trial, having some determination as to the outcome, while taking the course of action which he took.

So, I would certainly join in the statements made by the other two members of the committee.

Is there something further that you would want us to do?

*[Respondent]:* I have nothing further. Thank you, [B], for what you have said. I want the committee to know that I appreciate what every one of them has said. I understand my position. Thank you.

*Chairman [B]:* [E] ?

*[E]:* The only other thing that I wish to point out is in accordance with 89.181(c)(7), the hearing commit-

tee is to file a brief summary letter with the Board and it should not be more than two pages long, just capsulizing this proceeding. The form D.B. 43 can either be attached to that letter or if [respondent] is willing to sign that D.B. 43 today, —

*[Respondent]:* I'll sign it.

*[E]:* I'll, of course, sign it on behalf of petitioner and we can send that form up and then the letter should follow to [the board secretary] shortly thereafter. It's whichever way the hearing committee would prefer, whether they prefer to join the form with the letter or whether the form goes up ahead of time.

*Chairman [B]:* So, then what you are saying is we should go ahead and send the form up today?

[D]: And follow with?

*[E]:* The letter will follow shortly afterwards.

*Chairman [B]:* Anything else?

*[E]:* No. I certainly have nothing else.

*Chairman [B]:* [Respondent]?

*[Respondent]:* I have nothing. Thank you.

*Chairman [B]:* This hearing is adjourned. Thank you much, all of you.

(Whereupon, the hearing was adjourned on September 28, 1988 at 11:20 a.m.)

## CERTIFICATE

[A], *Court Reporter* — I hereby certify that the foregoing transcript of the prehearing conference is a true and correct transcription of the stenographic notes taken in the aforementioned hearing.

## ORDER

And now, December 9, 1988, the report and recommendation of Hearing Committee [ ] dated October 18, 1988, pursuant to section 89.181 of the

Disciplinary Board Rules is accepted, and there being no exceptions filed; it is hereby ordered and decreed, that the said [respondent] of [   ] County, be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(a)(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.